UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
ALEXIS FITZSIMMONS,                     :    Hon. Esther Salas
                                        :    Civil Action No. 15-4044 (ES)(MAH)
                                        :
         Plaintiff,                     :
                                        :
    v.                                  :
                                        :
HONORABLE IRENE JONES, etc. et al.,     :    REPORT AND RECOMMENDATION
                                        :
         Defendant.                     :
_____:

**HAMMER, United States Magistrate Judge**

This matter having come before the Court upon Plaintiff's motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(b). (D.E. 20). The Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for a Report and Recommendation. Pursuant to Fed. R. Civ. P. 78, the Court decided this motion without oral argument. For the reasons set forth below, and after considering all of the submissions of the parties, the Court respectfully recommends that the District Court deny Counsel's motion.

    **I.    BACKGROUND**

On June 15, 2015, Plaintiff filed the instant action against Defendants, in their official capacities, the Honorable Irene Jones, Administrative Law Judge, and the Honorable Laura Sanders, Director of the New Jersey Office of Administrative Law, claiming that Judge Jones had unnecessarily delayed in making certain judicial decisions. Complaint, June 15, 2015, D.E. 1. On August 20, 2015, Plaintiff filed an Amended Complaint. Amended Complaint, Aug. 20, 2015, D.E. 11.

Plaintiff alleges that on April 6, 2011, she appealed her termination of employment from the Bergen County Sheriff's Office ("Sheriff's Office") to the New Jersey Civil Service Commission ("CSC").  Amd. Compl., pp.1-2.  The appeal was sent to the New Jersey Office of Administrative Law ("OAL"), where it was assigned to Defendant Judge Jones.  *Id.* at p. 2.  The OAL is overseen by Defendant Judge Sanders, the Director of OAL and Chief Administrative Law Judge.  *Id.*  Plaintiff alleges that on February 21, 2013, she filed a motion to compel the Sheriff's Office to respond to certain discovery requests, and that eight months later, Judge Jones denied the motion without an opinion.  *Id.*  Plaintiff then filed an interlocutory appeal.  *Id.*  Plaintiff maintains that on November 7, 2013, the CSC vacated that discovery order, and directed Judge Jones to issue a new order within thirty days.  *Id.*  According to Plaintiff, Judge Jones had not yet issued a new order at the time the instant action was filed here.  *Id.* at pp. 2-3.  Plaintiff also claims that on September 19, 2014, she filed a motion to depose an individual, but at the time of the filing of this action, that motion also had not yet been ruled upon.  *Id.* at pp. 11-12.

Plaintiff alleges that on May 8, 2015, she wrote to the CSC accusing Judge Jones of violating her procedural due process rights.  *Id.* at p. 12.  Plaintiff claims that on May 13, 2015, the CSC wrote to her, indicating that it lacked the power to enforce its order which directed Judge Jones to issue a new order and advising her to write to Judge Sanders.  *Id.*  Plaintiff alleges that she had copied the Director on Plaintiff's letter to the CSC, but that the motions remained undecided.  *Id.*  On October 16, 2015, while this lawsuit (and the motion to dismiss) was pending, Judge Jones ruled on the long-outstanding motions.  Plaintiff's Brief in Support of Motion for Award of Attorneys' Fees and Costs, Dec. 4, 2016, p. 4, D.E. 20.

Plaintiff sets forth two Counts in her Amended Complaint.  *Id.*  In the first count, Plaintiff alleges a violation of her procedural due process rights pursuant to 42 U.S.C. § 1983, the New

2

Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA"), and requests a declaration that her due process rights were violated. *Id.* at pp. 14-16. In the second count, Plaintiff requests an injunction against Defendants "to cease the procedural due process violations and implement curative OAL regulations that make such violations less likely in the future." *Id.* at p. 16. Plaintiff also seeks an award of costs and attorney's fees pursuant to 42 U.S.C. § 1988 and the New Jersey Civil Rights Act. *Id.*

Defendants filed a motion to dismiss the amended complaint on August 21, 2015. Defendants' Motion to Dismiss, Aug. 21, 2015, D.E. 12. While the motion to dismiss was pending, the parties entered into a voluntarily stipulation of dismissal of the Complaint. *See* Letter from Plaintiff, Dec. 4, 2015, D.E. 19. Plaintiff now moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2)(b) and the NJCRA, N.J. Stat. Ann. § 10:6-2(f) (West 2004).[1] Motion for Attorney Fees, Dec. 4, 2015, D.E. 20.

## II.     DISCUSSION

Having entered into a stipulation of dismissal with Defendants, Plaintiff now seeks an award of attorney's fees and has filed a motion for such an award pursuant to Federal Rule of Civil Procedure 54(d)(2)(B). To receive such an award, Fed. R. Civ. P. 54(d) requires that a party file a motion with the court within 14 days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(A), (d)(2)(B)(i). The motion "must specify the judgment and the statute, rule, or other

---

[1] Plaintiff acknowledges in her moving brief that she is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the provision which provides for an award of attorney's fees for a violation of 42 U.S.C. § 1983, because a party is not considered a prevailing party unless the change in the parties' respective positions has been judicially sanctioned. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) ("We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, . . . .or obtained a court-ordered consent decree."). This clearly is not the case here as the parties entered into a voluntary stipulation of dismissal that did not involve a "judgment on the merits" or a "court-ordered consent decree."

grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii).  It must also state the amount sought in attorney's fees or provide a fair estimate of such amount.  Fed. R. Civ. P. 54(d)(2)(B)(iii).  Plaintiff's motion meets all of the requirements of Fed. R. Civ. P. 54 and sets forth the NJCRA as the statute entitling her to an award of attorney's fees.

The NJCRA recognizes the "catalyst theory" as a basis for finding that a plaintiff is a "prevailing party" entitled to an award of attorney's fees and costs.  *D. Russo, Inc. v. Twp. Of Union*, 9 A.3d 1089, 1094 (N.J. App. Div. 2010).  "Under the catalyst theory, . . . a litigant will qualify as a "prevailing party" entitled to an award of attorney's fees under a fee-shifting statute if the lawsuit 'achieves the desired result because [it] brought about a voluntary change in the defendant's conduct.'"  *D. Russo, Inc.*, 9 A.3d at 1093-94 (quoting *Buckhannon*, 532 U.S. at 601).  A plaintiff is entitled to an award of attorney's fees under the catalyst theory if plaintiff can demonstrate:  "'(1) a factual causal nexus between plaintiff's litigation and the relief ultimately achieved; and (2) that the relief ultimately secured by plaintiffs has a basis in law.'"  *Mason v. City of Hoboken*, 196 N.J. 51, 76 (2008) (quoting *Singer v. State of New Jersey*, 95 N.J. 487, 494 (1984)).

The NJCRA provides, in pertinent part:

> Any person who has been deprived of any … rights . . . secured by the Constitution or laws of the United States, or . . . by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. § 10:6-2(c).  The NJCRA was fashioned after 42 U.S.C. § 1983 and "[c]ourts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983."  *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009).

The NJCRA, like § 1983, imposes violations for civil rights only on those specifically deemed "persons" within the meaning of the statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The State, and its officials acting within their official capacities, are not deemed "persons" within the meaning of the NJCRA.  *Didiano v. Balicki*, 488 Fed. Appx. 634, 638-39 (3d Cir. 2012); *Baals v. State of New Jersey*, 2014 WL 2131668, *2 (App. Div. May 23, 2014). "Section 1983 provides remedies for the deprivation of both procedural and substantive rights while [the NJCRA] provides remedies only for the violation of substantive rights."  *Tumpson v. Farina*, 218 N.J. 450, 477 (2014).

Defendants argue that the catalyst theory does not apply because federal law should preempt state law in this area and the United States Supreme Court has explicitly rejected the catalyst theory.  Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees, Dec. 18, 2015, pp. 4-8, D.E. 22.  Plaintiff responds that Defendants are correct in their assertion that the catalyst theory does not apply to claims brought under 42 U.S.C. § 1983, but that the catalyst theory does apply to the claim she brings under the NJCRA, to which state law much be applied. Plaintiff's Reply Brief, Dec. 31, 2015, p. 2, D.E. 24.  The Court need not address this issue because even if catalyst theory would apply here, Plaintiff cannot show her relief has a basis in law.

Plaintiff's inability to show that the relief she seeks has a "basis in law" negates her fee application.  Although the parties stipulated to the dismissal of the Amended Complaint in this matter, Plaintiff cannot be considered a "prevailing party."  To be considered a prevailing party under the "catalyst theory," the party seeking that status, and an award of attorney's fees, must demonstrate that the relief she obtained had some "basis in law."  *Mason*, 196 N.J. at 76. Plaintiff cannot do so here for two reasons.

First, as the record reflects, only a stipulation of dismissal was entered in this case. Plaintiff did not actually get <u>any</u> relief. At most, Plaintiff can advance only an inferential argument that her lawsuit, which the State already had moved to dismiss, somehow compelled Judge Jones to act. However, there is no evidence of that assertion and, as such it is speculative and far too slender a reed on which to find Plaintiff's relief had some "basis in law."

Second, Plaintiff seemingly argues that her Amended Complaint, which likely would have been dismissed, provides a basis for awarding her attorney's fees and costs in this case, but there is no authority for such a proposition. Plaintiff could not have obtained any relief in this action based on the Amended Complaint. At the time Plaintiff entered into a stipulation of dismissal, a motion to dismiss was pending that in all likelihood would have been granted. This action would have been dismissed pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." Generally, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See*, *e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "A suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71.  Section 1983 does not override a state's Eleventh Amendment immunity.  *Quern v. Jordan*, 440 U.S. 332 (1979).  Accordingly, the § 1983 and NJCRA claims brought against Judge Jones and Judge Sanders in their official capacities would have failed as the State has not waived Eleventh Amendment immunity.   Additionally, Plaintiff's Amended Complaint would likely have been dismissed at the motion to dismiss stage because the State, and its officials acting within their official capacity are not considered "persons" within the meaning of either 42 U.S.C. § 1983 and the NJCRA, a necessary component for a claim under either statute.  *Will*, 491 U.S. at 71; *Didiano*, 488 Fed. Appx. at 638-39.  Because Plaintiff could not have obtained relief under the NJCRA, this cannot be the basis for an award of attorney's fees in this case.  Therefore, the Court finds that Plaintiff has failed to demonstrate that she obtained relief that has some "basis in law" as required to be considered a "prevailing party" under the "catalyst theory."[2]

### III.    CONCLUSION

Accordingly, the Court respectfully recommends that the District Court deny counsel's motion (D.E. 20).  Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.


*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**

Dated:  January 26, 2016

---

[2]  Additionally, Plaintiff's claim has no "basis in law" because Plaintiff was seeking to enforce her procedural due process rights, Amd. Cmpl. p. 3, but the NJCRA provides relief only for violations of substantive due process rights, not procedural rights of the nature Plaintiff was trying to enforce here.

7