**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALEXIS FITZSIMMONS,** | **Civil Action No. 15-4044 (ES) (MAH)** |
| **Plaintiff,** | **MEMORANDUM OPINION** |
| **v.** | |
| **HONORABLE IRENE JONES, et al.,** | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Alexis Fitzsimmons's motion for attorney's fees and costs. (D.E. No. 20). Defendants oppose the motion. (D.E. No. 22). The Honorable Michael A. Hammer, U.S. Magistrate Judge, issued a Report and Recommendation (the "R & R") that the Undersigned deny Plaintiff's motion. (D.E. No. 26). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2), and Plaintiff has timely done so. (*See* D.E. No. 27).

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b).

For the reasons below, the Court ADOPTS the R & R in relevant part and DENIES Plaintiff Alexis Fitzsimmons's motion for award of attorney's fees and costs.

1

## I.  Relevant Factual & Procedural Background

In this action, Plaintiff Alexis Fitzsimmons ("Plaintiff") alleged violations of procedural due process under the Fourteenth Amendment of the U.S. Constitution, the New Jersey Constitution, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act ("NJCRA" or "NJ CRA") against two defendants: (1) Administrative Law Judge ("ALJ") Irene Jones ("Judge Jones") and (2) director and Chief Administrative Law Judge Laura Sanders (collectively, "Defendants"). (*See* D.E. No. 11 ("Am. Compl.") ¶¶ 4-5, 65-75.  She sued Defendants in their official capacity. (*Id.* ¶¶ 4-5).

Plaintiff alleged that Defendants engaged in "undue delay" in resolving discovery motions in her appeal to the New Jersey Office of Administrative Law—which related to her discharge from the Bergen County, New Jersey Sheriff's Office. (*See* Am. Compl. at 1-3[1] & ¶¶ 65-75; D.E. No. 27 ("Pl. Obj.") at 1, 3-4).  Plaintiff asserted the following counts: (1) "violation of procedural due process (Fourteenth Amendment; Section 1983; Section 1, Article 1 of the New Jersey Constitution; NJ CRA)"; and (2) "declaratory judgment (Federal DJA)." (Am. Compl. at 14-16).[2] Plaintiff also sought "an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and the NJ CRA." (*Id.* at 16).

On August 21, 2015, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 12).  While that motion was pending, on October 16, 2015, Judge Jones issued orders for the discovery motions, after which the parties stipulated to dismissal of the instant action. (*See* Pl. Obj. at 4-5; *see also* D.E. No. 19).

---

[1] Plaintiff did not use paragraph numbers for certain pages of the operative complaint, so the Court cites to page numbers instead of paragraph numbers for these pages.

[2] The Court uses lower-case typeface for the reader's convenience.

The stipulation of dismissal states—in full—that: "Pursuant to Fed.R.Civ.P. 41(a)(1)(ii), the parties stipulate to dismissal of the above complaint without prejudice.  This stipulation has no effect [on] any motion for attorneys' fees by Plaintiff or Defendants' defense to such a motion." (*See* D.E. Nos. 19 & 21).

Plaintiff then filed a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) and the NJCRA.  (D.E. No. 20-1 at 1).  Although Plaintiff originally sought fees and costs pursuant to 42 U.S.C. § 1988 *and* the NJCRA, (Am. Compl. at 16), Plaintiff now seeks fees and costs only pursuant to the NJCRA, (D.E. No. 20-1 at 1).

## II.    Fees & Costs Under the NJCRA

The New Jersey Supreme Court permits "trial courts to award reasonable attorney's fees where explicitly permitted to do so by rule or statute."  *Gilliam v. Liberty Mut. Fire Ins. Co.*, No. 14-0361, 2014 WL 10191547, at *4 (D.N.J. Sept. 26, 2014) (citing *In re Niles*, 823 A.2d 1, 7 (N.J. 2003)).  To be awarded attorney's fees and costs under the NJCRA, the requestor must be a "prevailing party."  N.J.S.A. § 10:6-2(f).

The NJCRA recognizes the "catalyst theory" as a basis for finding that a plaintiff is a "prevailing party" entitled to an award of fees and costs.  *D. Russo, Inc. v. Twp. of Union*, 9 A.3d 1089, 1091, 1094 (N.J. Super. Ct. App. Div. 2010).  Under the catalyst theory, "a litigant will qualify as a 'prevailing party' entitled to an award of attorney's fees under a fee-shifting statute if the lawsuit achieves the desired result because it brought about a voluntary change in the defendant's conduct."  *Id.* at 1092-93 (internal alterations, quotation marks and citations omitted).

Notably, "[i]n the absence of a judgment or enforceable consent decree, the catalyst theory entitles a plaintiff to an award of attorney's fees if it can demonstrate: (1) a factual causal nexus between plaintiff's litigation and the relief ultimately achieved; and (2) that the relief ultimately

secured by plaintiffs had a basis in law." *Id.* at 1093 (internal quotation marks omitted) (citing *Mason v. City of Hoboken*, 951 A.2d 1017, 1032 (N.J. 2008)).  So, "[a] plaintiff need not obtain a final judgment on the merits or secure a consent decree from a defendant in order to be considered a 'prevailing party' under the catalyst theory." *Jones v. Hayman*, 13 A.3d 416, 425 (N.J. Super. Ct. App. Div. 2011) (citing *Mason*, 951 A.2d at 1032).

## III.   The R & R and Plaintiff's Objections

Plaintiff moves to recover $23,875.00 in attorney's fees for 95.75 hours of work and $839.03 in costs.  (D.E. No. 20-1 at 10-11).  As noted, the Magistrate Judge recommends the Court deny Plaintiff's motion.  (D.E. No. 26 at 1, 7).  In particular, the R & R finds that Plaintiff "cannot show her relief has a basis in law" and thus "cannot be considered a 'prevailing party'" for the purpose of being awarded attorney's fees.  (*Id.* at 5).  The R & R reasons that, had there been no stipulation of dismissal, Plaintiff's case likely "would have been dismissed pursuant to the Eleventh Amendment" sovereign immunity doctrine.  (*See id.* at 6).

Plaintiff objects, arguing that—contrary to the R & R's reasoning—there *is* a basis in law because of the *Ex Parte Young* exception to sovereign immunity.  (*See* Pl. Obj. at 5-6).  More specifically, Plaintiff argues that Defendants in this case are state officials sued for prospective injunctive relief to cease an ongoing violation of federal law—and thus the *Ex Parte Young* exception applies.  (*Id.* at 5-6).  And she asserts that the R & R fails to acknowledge the *Ex Parte Young* exception, which permits "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law."  (*Id.* at 6 (quoting *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002))).

4

# IV.    Analysis

Even accepting Plaintiff's contention that a factual causal nexus exists between the instant action and the ALJ's issuance of the discovery orders, the Court agrees with the Magistrate Judge that a basis in law is lacking.  As Judge Hammer aptly concluded, "[b]ecause Plaintiff could not have obtained relief under the NJCRA, [the NJCRA] cannot be the basis for an award of attorney's fees in this case."  (D.E. No. 26 at 7); *see Singer v. State*, 472 A.2d 138, 142 (N.J. 1984) (citation omitted) ("Even if plaintiffs can establish that their suit was causally related to the defendants' actions which improved their condition, this is only half of their battle. . . . If it has been judicially determined that defendants' conduct, however beneficial it may be to plaintiffs' interests, is not required by law, then defendants must be held to have acted gratuitously and plaintiffs have not prevailed in a legal sense.").

"Under the Eleventh Amendment, state officials acting in their official capacity cannot be sued unless Congress specifically abrogates the state's immunity or the state waives its own immunity."  *Balsam v. Sec'y of N.J.*, 607 F. App'x 177, 183 (3d Cir. 2015) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 70-71 (1989)).  "The doctrine of sovereign immunity— which derives from the Eleventh Amendment—operates as a jurisdictional bar that strips federal courts of subject matter jurisdiction over lawsuits against a state."  *Nichols v. Sivilli*, No. 14-3821, 2014 WL 7332020, at *4 (D.N.J. Dec. 19, 2014) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)).  "This jurisdictional bar extends to 'arms' of the state, including some state agencies."  *Id.*

But, under the *Ex Parte Young* exception to Eleventh Amendment immunity, one can bring suit "against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of *federal law*."  *Hess*, 297 F.3d at 323 (emphasis added) (citing *Ex Parte Young*,

209 U.S. 123 (1908)).  The *Ex Parte Young* exception, however, does not apply "in a suit against state officials on the basis of *state law*."  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984) (emphasis added).

So, "[a]lthough *Ex Parte Young* held that the Eleventh Amendment does not bar a party from bringing suit for prospective injunctive relief on the basis of federal law, . . . *state officials are immune from suits in federal court based on violations of state law, including suits for prospective injunctive relief under state law*, unless the state waives sovereign immunity."  *Balsam*, 607 F. App'x at 183 (emphasis added) (internal citation omitted).  Thus, if "it is state law that provides the cause of action, if any, and the attendant relief [a plaintiff] seek[s]," then "*Ex Parte Young*'s exception to Eleventh Amendment immunity does not apply."  *See id.* at 184.

Here, Plaintiff moves for fees and costs under the NJCRA.  (D.E. No. 20-1 at 1).  Her suit was against two state officials for injunctive relief.  (*See* Am. Compl. at 16; Pl. Obj. at 7).[3]  Thus, her fee motion is premised on a cause of action against two state officials for prospective injunctive relief under state law (i.e., the NJCRA).  But there can be no basis in law here because the doctrine of sovereign immunity applies—and the *Ex Parte Young* exception does not.  *See Balsam*, 607 F. App'x at 183-84; *see also Wilson v. N.J. Dep't of Child Prot. & Permanency*, No. 13-3346, 2016 WL 316800, at *6 (D.N.J. Jan 25, 2016) ("Indeed, state officials are immune . . . from claims for prospective injunctive relief under the NJCRA.").[4]

---

[3] Plaintiff alleged that Defendants—as administrative law judges—are state officials, and Plaintiff sued Defendants in their official capacity.  (*See* Am. Compl. ¶¶ 4-5; Pl. Obj. at 5).  Plaintiff also alleged that the Office of Administrative Law—where Defendants are employed—"is an arm of the state of New Jersey."  (Am. Compl. ¶¶ 2, 4-5).

[4] To be sure, Congress has not abrogated New Jersey's immunity and New Jersey has not waived its own immunity.  *Zimmer v. N.J. Dep't of Child Prot. & Permanency*, No. 15-2524, 2016 WL 234844, at *7 (D.N.J. Jan. 20, 2016) ("[T]here has been no congressional abrogation or waiver by New Jersey of state sovereign immunity with respect to NJCRA claims brought in federal court.").

Indeed, Plaintiff seemingly conflates two distinct types of suits: those against state officers for prospective injunctive and declaratory relief to end an ongoing violation of *federal law* and those against state officers for prospective injunctive and declaratory relief to end an ongoing violation of *state law*. *Cf. Balsam*, 607 F. App'x at 183-84 ("The Appellants' attempt to tie their state law claims into their federal claims is unpersuasive. Even assuming that they are correct that violation of the federal Constitution could be used to establish a violation of the state law on which they rely, it is state law that provides the cause of action, if any, and the attendant relief they seek. Therefore, *Ex Parte Young*'s exception to Eleventh Amendment immunity does not apply.").[5]

Tellingly, Plaintiff relies on *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 281 (1989). (*See* Pl. Obj. at 7). *Jenkins* involved a 42 U.S.C. § 1988 claim for attorney's fees. 491 U.S. at 275. Here, however, Plaintiff seeks attorney's fees pursuant to the NJCRA, not 42 U.S.C. § 1988. (*See* D.E. No. 20-1 at 1). So Plaintiff's reliance on *Jenkins* is misplaced. Indeed, it is belied by her explicit concession that "Section 1983's attorney's fees compliment, 42 U.S.C § 1988 . . . , does not provide for attorneys' fees and costs without judicially sanctioned change of some kind" and that she seeks fees and costs under the NJCRA's "catalyst theory of recovery for attorneys' fees and costs." (*See id.* at 6 (internal quotation marks omitted)).

Thus, Plaintiff's criticism that, under the R & R, "sovereign immunity bars any suit against a state official in federal court" is misdirected. (*See* Pl. Obj. at 7). Rather, the R & R aptly relies on the tenet that "state officials are immune from suits in federal court based on violations of state law, including suits for prospective injunctive relief under state law, unless the state waives sovereign immunity." *See Balsam*, 607 F. App'x at 183.

---

[5] Notably, similar to the instant action, the *Balsam* case involved alleged violations of: "(1) 42 U.S.C. § 1983; (2) the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2(c); (3) the First and Fourteenth Amendments of the United States Constitution; and (4) Article II, Section I and Article VIII, Section III of the New Jersey Constitution." *See* 607 F. App'x at 179.

And, here, Plaintiff does not have a basis in law under the catalyst theory because Defendants would be immune from claims for prospective injunctive relief under the NJCRA.  In turn, because the NJCRA cannot serve as a basis in law under the catalyst theory, Plaintiff cannot be considered a "prevailing party" and her motion must be denied.  *See D. Russo*, 9 A.3d at 1094; *L.R. v. Camden Bd. of Educ. Custodian*, No. A-4712-10T3, 2012 WL 1859044, at *5 (N.J. Super. Ct. App. Div. May 23, 2012) (per curiam).

**IV.    CONCLUSION**

For the reasons discussed herein, the Court ADOPTS Magistrate Judge Hammer's Report and Recommendation in relevant part and DENIES Plaintiff's motion for award of attorney's fees and costs.  An appropriate Order shall accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**